IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

GEORGE ARTHUR ANDERSON      ]
                            ]
        Petitioner,          ]
                            ]
vs.                         ]   CIVIL ACTION NO. 00-H-1650-E
                            ]
IMMIGRATION AND             ]
NATURALIZATION SERVICE,     ]
                            ]
        Respondent.          ]

ENTERED
MAR 2 6 2002

MEMORANDUM OF DECISION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. At the time he filed this petition, George Arthur Anderson was incarcerated at the Etowah County Jail, in Gadsden, Alabama, in the custody of the Immigration and Naturalization Service.

Anderson is a native and citizen of Jamaica who entered, but was not admitted to, the United States in 1987. On December 19, 1997, Anderson was convicted of first degree possession of marijuana in the Mobile County Circuit Court. Anderson then became subject to being deported as an inadmissible alien. Anderson remained in the custody of the INS, pending repatriation to Jamaica. He filed this action on June 15, 2000, complaining of his continued detention. Anderson was deported to his native country, Jamaica, on September 5, 2001.

On March 13, 2002, the respondent filed a motion to dismiss this action as moot. In support of the motion, the respondent states that because Anderson has been deported to Jamaica, there no longer exists a case or controversy in this action.

Mootness is a question of whether there is any relief available to the petitioner that may be granted by the court. The relief sought by Anderson is to be released from the custody of the INS, pending his repatriation to Jamaica. Because Anderson is no longer in the custody of the INS, due to his deportation to Jamaica, his petition has been rendered moot, unless an exception to the mootness doctrine applies. The courts have developed two exceptions to the mootness doctrine: (1) collateral consequences, and (2) "capable of repetition yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

The collateral consequences exception does not apply in this case because Anderson does not attack the validity of his earlier conviction, but the INS's decision to hold him in custody pending his deportation. The exception for events "capable of repetition, yet evading review" applies when: (1) the challenged action is too short in duration to be litigated fully prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Since the petitioner has been deported to Jamaica, there is no threat of repetition of the challenged action. Because there is no longer any relief that can be granted to Anderson, the respondent's motion to dismiss is due to be granted and this petition dismissed as moot. An appropriate order will be entered.

DONE this 26th day of March, 2002.

James H. Hancock
Senior United States District Judge